UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL ALLEN, an individual; CAMP BENCH HOLDINGS, LLC, an Idaho limited liability company; CAMP RIVER HOLDING, LLC, an Idaho limited liability company; CAMPBELL FARMS, INC., an Idaho corporation,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>NEIL CAMPBELL, an individual,<br><br>　　Defendant. | Case No. 4:20-cv-00218-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiffs Michael Allen; Camp Bench Holdings, LLC ("Camp Bench"); Camp River Holdings, LLC ("Camp River"); and Campbell Farms, Inc.'s ("Campbell Farms") Emergency Motion for Expedited Evidentiary Hearing on Permanent Injunction as Further Relief on Declaratory Judgment ("Emergency Motion for Expedited Evidentiary Hearing") (Dkt. 5) and Motion for Leave to File Overlength Memorandum in Support of Emergency Motion for Expedited Evidentiary Hearing on Permanent Injunction as Further Relief on Declaratory Judgment (Dkt. 6).

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motions without oral argument. Dist. Idaho Loc.

Civ. R. 7.1(d)(1)(B).

For the reasons outlined below, the Court finds good cause to DENY Plaintiffs' motion for an expedited evidentiary hearing and GRANT Plaintiffs' motion to file an overlength accompanying memorandum.

## II. BACKGROUND

On May 8, 2020, Plaintiffs filed a complaint against Defendant Neil Campbell for breach of contract. Dkt. 1. Plaintiffs assert two claims for relief: (1) injunctive relief pursuant to 28 U.S.C. § 2202 directing Campbell to perform his contractual obligations under a state court's January 31, 2020 judgment; and (2) specific performance of the contract as interpreted by the Court and any damages for breach of contract as proved at trial. *Id*.

Plaintiffs filed in federal court pursuant to 285 U.S.C. § 1332. They represent that Allen is an individual domiciled in Swan Valley, Idaho; Camp Bench is an Idaho limited liability company with its registered business address at PO Box 191, Swan Valley, Idaho; Camp River is an Idaho limited liability company with its registered business address at PO Box 191, Swan Valley, Idaho; and Campbell Farms is an Idaho corporation with its registered business address at PO Box 191, Swan Valley, Idaho. Further, they represent that the Defendant, Campbell, is an individual domiciled in Las Vegas, Nevada. Dkt. 1

On May 11, 2020, the Court issued a summons to Campbell. Dkt. 3. On May 13, 2020, Plaintiffs filed the pending Emergency Motion for Expedited Evidentiary Hearing. Dkt. 5. They seek an evidentiary hearing and final judgment before June 7, 2020. Dkt. 7. Plaintiffs also filed a motion for leave to file an overlength brief. Dkt. 6.

At the time Plaintiffs filed the motion, Defendant Neil Campbell had not yet appeared in this case. The Court directed Plaintiffs to execute service forthwith on Campbell. Plaintiffs attempted to do so, but requested an order for alternative service, given Campbell appeared to be avoiding service. Dkt. 9. The Court partially granted Plaintiffs' motion and stated, "If service is timely executed and the Court deems an expedited evidentiary hearing is appropriate, the Court anticipates holding the hearing in Pocatello on Monday, June 1st, at 10:00 a.m." Dkt. 8, at 2.

Campbell was served on May 16, 2020. On May 26, 2020, Campbell filed a motion to dismiss for lack of jurisdiction. Dkt. 14. Campbell argued that there is incomplete diversity of citizenship as required under 28 U.S.C. § 1332. He contends that the Court previously and fully addressed the issue of his membership status in an underlying action (Case No. 4:19-cv-00046-BLW).

In the underlying action, the Plaintiffs (who were the same as those in the instant case):

> argued that Defendant Neil Campbell is a member of the two LLC plaintiffs, which destroys diversity jurisdiction and justifies remand of this case to state court. Dkt. 31-1, at 2. The diversity statute, "28 U.S.C. § 1332(a), . . . applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Because an LLC is a citizen of every state of which its owners/members are citizens, if Neil Campbell is in fact a member of Plaintiffs Camp Bench and Camp River LLCs, there is not complete diversity under § 1332. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

*Allen v. Campbell*, No. 4:19-CV-00046-BLW, 2019 WL 1002951, at *2 (D. Idaho Mar. 1, 2019). The Court ultimately held "[b]ecause Defendants have not carried their burden to

show, by a preponderance of the evidence, that Mr. Campbell withdrew from Camp Bench Holdings, LLC and Camp River Holding, LLC the Court lacks subject matter jurisdiction under § 1332, and will remand this case." *Id*. at *3. Campbell contends in his Motion to Dismiss that nothing has changed since the Court's March 1, 2019 order. Therefore, the Court lacks subject matter jurisdiction.

On May 27, 2020, the Court issued a docket order notifying the parties that, given the pending motion to dismiss for lack of subject matter jurisdiction, it did not deem a June 1, 2020 hearing appropriate. Dkt. 16. However, it specified that the entry order should not be construed as a ruling on the merits of Plaintiffs' Emergency Motion for Expedited Evidentiary Hearing.

### III. DISCUSSION

As a preliminary matter, the Court grants Plaintiffs' unopposed motion for leave to file an overlength brief. Turning to Plaintiffs' Emergency Motion for Expedited Evidentiary Hearing, Plaintiffs recognize they are requesting "extraordinary relief in moving this Court for an evidentiary hearing and final judgment for specific performance before June 7, 2020." Dkt. 7, at 1. They argue the Court has the authority to do so under both (A) the Declaratory Judgment Act and (B) Federal Rule of Civil Procedure 65(a)(2) and further, that the facts of the case warrant such relief.

Given the serious concerns Campbell raises in his motion to dismiss—namely that the Court has already considered and rejected the premise that there is diversity jurisdiction between the parties—the Court does not find that an emergency hearing, prior to ruling on the motion to dismiss, would "secure the just, speedy, and inexpensive determination" of

the case before it. Fed. R. Civ. P. 1. Thus, the Court denies Plaintiffs' motion.

## IV. ORDER

IT IS HEREBY ORDERED:

1. Plaintiffs' Emergency Motion for Expedited Evidentiary Hearing on Permanent Injunction as Further Relief on Declaratory Judgment (Dkt. 5) is DENIED.

2. Plaintiffs' Motion for Leave to File Overlength Memorandum (Dkt. 6) is GRANTED.

DATED: June 12, 2020

_____
David C. Nye
Chief U.S. District Court Judge