UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL ALLEN, an individual; CAMP BENCH HOLDINGS, LLC, an Idaho limited liability company; CAMP BENCH RIVER HOLDING, LLC, an Idaho limited liability company; CAMPBELL FARMS, INC., an Idaho corporation,<br><br>      Plaintiffs,<br>v.<br><br>NEIL CAMPBELL, an individual,<br><br>      Defendant. | Case No. 4:20-cv-00218-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Neil Campbell's Motion to Dismiss for lack of subject-matter jurisdiction. Dkt. 14. On September 8, 2020, the Court held oral argument and took the motion under advisement. Upon review, and for the reasons set forth below, the Court DENIES the Motion.

## II. BACKGROUND

This case emanates from a somewhat unique procedural background involving both the Idaho state court system and this Court. On January 23, 2019, Plaintiffs (collectively as "Allen" and Camp Bench Holdings, LLC and Camp Bench River Holding, LLC as "Plaintiff LLCs") filed a lawsuit in Idaho state court seeking, among other things, declaratory judgment that they had an enforceable contract with Campbell. On February 5, 2019, Campbell filed his first notice of removal, which appeared on Judge B. Lynn

MEMORANDUM DECISION AND ORDER - 1

Winmill's docket as case number 4:19-cv-00046-BLW ("First Action"). Allen is a citizen of Idaho. Campbell is a citizen of Nevada. The initial notice of removal identified Campbell as a member of the Plaintiff LLCs, thereby eliminating complete diversity of citizenship for jurisdictional purposes. Case No. 4:19-cv-00046-BLW ("Case 46"), Dkt. 1, at 3. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

On account of this facial defect in the notice, Judge Winmill remanded the case to Idaho state court on February 19, 2019, and granted Allen's request for attorney fees and costs. Case 46, Dkt. 21, at 4. However, Campbell was afforded an opportunity to file an amended notice of removal, which he did on February 22, 2019. Case 46, Dkt. 29. Campbell attached a single supporting exhibit—his own declaration—to his amended notice of removal. *Id.* In it, Campbell stated that "[a]s of January 3, 2019, [he] was no longer a member of" Plaintiff LLCs and "[o]n information and belief, the sole member of Plaintiff [LLCs] is Plaintiff Michael Allen, an Idaho citizen. I declare under penalty of perjury that the foregoing is true and correct." *Id.* at 53. Allen again moved to remand, arguing that because "removal is determined by the jurisdictional facts at the time the Complaint is filed and at the time of removal," *see Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002), Campbell's declaration was insufficient to meet his burden of showing a dissociation with Plaintiff LLCs as required by Idaho Code § 30-25-602.

On March 1, 2019, this Court once again remanded the case to Idaho state court because Campbell had not carried his burden of showing that he withdrew from Plaintiff

MEMORANDUM DECISION AND ORDER - 2

LLCs at the pertinent time. Case 46, Dkt. 36.[1] In doing so, Judge Winmill concluded that Allen had established that Campbell "was a member of the LLCs at their outset, that . . . Allen had no knowledge of . . . Campbell's alleged withdrawal, and at least circumstantial evidence that . . . Campbell continued to act as a member of the LLCs throughout the settlement process." Case 46, Dkt. 36, at 5. This Court, nevertheless, vacated its prior award of fees and costs "[b]ased on the evidence accompanying the amended notice of removal." *Id.* at 8.

A week later, Campbell answered Allen's state court declaratory judgment complaint. Dkt 17, at 5. In his answer, Campbell stated twice, "It is denied that Defendant Neil Campbell is a member of" Plaintiff LLCs. *Id.* Litigation commenced. During his deposition on June 3, 2019, Campbell initially stated that he was not a member of Plaintiff LLCs, but he thereafter clarified, while responding to some follow-up questions, that he felt such was the case because he was not included in many of Plaintiff LLCs business affairs and was essentially not "treated as a member." Dkt. 18, at 5–7. Allen was deposed as well, and he admitted that Campbell had not been removed from Plaintiff LLCs' documents as a member. *Id.* at 7. Ultimately, the Idaho state court entered a declaratory judgment that a contract existed between Allen and Campbell. Dkt. 17, at 6. Nevertheless, the court made clear that it had not made a ruling on any other issues, stating, "To the extent Allen now seeks to pursue a breach of contract/specific performance action based upon post-judgment developments, such is not part of this action and should be pursued in

---

[1] *See generally Allen v. Campbell*, No. 4:19-CV-00046-BLW, 2019 WL 1002951 (D. Idaho Mar. 1, 2019).

a new separate action." *Id.* at 6–7.

After that judgment was entered, Allen took two courses of action. First, he filed a notice of appeal before the Idaho Supreme Court. Dkt. 27, at 5–9. Second, he filed his Complaint in this Court on May 8, 2020. Dkt. 1. Therein, he alleges that Campbell has breached the contract and requests specific performance. *Id.*, ¶¶ 43–47. Campbell then filed his present Motion to Dismiss, asserting that he *is* a member of Plaintiff LLCs, and therefore "[t]his Court lacks subject matter jurisdiction because there is incomplete diversity of citizenship." Dkt. 14, at 2. Allen responded (Dkt. 17), and Campbell replied (Dkt. 18). The parties also filed supplemental briefings after the hearing as ordered by the Court during the same. Dkts. 27, 28.

### III. LEGAL STANDARD

District courts have diversity jurisdiction where no plaintiff and defendant are citizens of the same state and the amount in controversy is greater than $75,000.[2] *See* 28 U.S.C. § 1332(a)(1); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). "[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson*, 437 F.3d at 899. "Subject matter jurisdiction is determined on the basis of the facts that existed at the time the action was filed." *Stock W. Corp. v. Taylor*, 964 F.2d 912, 917 (9th Cir. 1992); *Strotek Corp.*, 300 F.3d at 1131.

It is black-letter law that a federal court may not entertain an action over which it

---

[2] The $75,000 statutory floor for subject-matter jurisdiction is clearly met here based on the contract in dispute.

has no jurisdiction. *See, e.g.*, *Ins. Corp of Irelance, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). Indeed, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). When subject-matter jurisdiction is challenged pursuant to Federal Rule of Civil Procedure 12(b)(1), "[t]he party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016); *see also Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

A challenge to the court's subject-matter jurisdiction can be either facial, by referring to the pleadings themselves, or factual, by presenting extrinsic evidence. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). In a factual attack—as is the situation here because the parties refer to evidence extraneous to the pleadings—"the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In resolving a factual attack on jurisdiction, the court need not presume the truthfulness of the plaintiff's allegations, and may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Id.*

### IV. ANALYSIS

Neither party disputes that Allen is a citizen of Idaho or that Campbell is a citizen of Nevada. The conflict revolves around whether Campbell is still a member of Plaintiff LLCs because, if so, there is not complete diversity and thus not subject-matter jurisdiction. Campbell contends that he is a member of Plaintiff LLCs, and therefore complete diversity

MEMORANDUM DECISION AND ORDER - 5

is lacking. Dkt. 14, at 12. Allen counters by asserting that "the doctrine of judicial estoppel precludes [Campbell] from now claiming to be a member" of Plaintiff LLCs since he previously declared and argued the opposite. Dkt. 17, at 2. Campbell then argues that subject-matter jurisdiction is absent under the *Rooker–Feldman* doctrine, which derives its namesake from two Supreme Court cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Dkt. 14, at 13. The Court will address these issues in turn.

### A. Judicial Estoppel[3]

Judicial estoppel is an equitable doctrine invoked by a court at its discretion "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749–50 (2001) (cleaned up); *see also Risetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 601 (9th Cir. 1996); 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4477, at 782 (1981) ("[A]bsent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory."). Because of the doctrine's equitable nature, it "cannot be reduced to a precise formula or test." *Zedner v. United*

---

[3] In his response, Allen predominantly cites legal authorities from Idaho state law. *See* Dkt. 17, at 10–13. He includes references to federal law in quoting parentheticals only. Idaho state law, however, is unhelpful on this issue because "federal law governs the application of judicial estoppel in federal court." *Risetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 603 (9th Cir. 1996) ("We now hold what *Milgard* assumed: federal law governs the application of judicial estoppel in federal court. Judicial estoppel enables a court to protect itself from manipulation.") *see also Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 716 (9th Cir. 1990) (applying federal law on the issue of judicial estoppel in a diversity case). That being said, the federal case that Allen does include, *Risetto*, is on point.

MEMORANDUM DECISION AND ORDER - 6

*States*, 547 U.S. 489, 504–05 (2006). Nevertheless, "several factors typically inform the decision whether to apply the doctrine in a particular case:" (1) "a party's later position must be clearly inconsistent with its earlier position," (2) "the party has succeeded in persuading a court to accept that party's earlier position," and (3) "the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* (cleaned up).[4]

"Additional considerations may inform the doctrine's application in specific factual contexts." *New Hampshire*, 532 U.S. at 751. "The application of judicial estoppel is not limited to bar the assertion of inconsistent positions in the same litigation, but is also appropriate to bar litigants from making incompatible statements in two different cases." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001) (cleaned up).

Under the circumstances of this case, and because all three factors are met, the Court is satisfied that it is a sound use of its discretion to employ the judicial estoppel doctrine here.

1. *Clearly Inconsistent*

The first factor—that a party's two positions on an issue be clearly inconsistent—is easily met in this case. In his declaration to this Court, Campbell's prior position during the First Action was that he is no longer a member of Plaintiff LLCs. Campbell stated that

---

[4] The parenthetical "cleaned up," while perhaps unfamiliar to some, is being used with increasing frequency to indicate that brackets, ellipses, footnote reference numbers, internal quotation marks, alterations, and/or citations have been omitted from a quotation. For an example of its use in a published opinion, see *Lu v. United States*, 921 F.3d 850, 860 (9th Cir. 2019) or *United States v. Reyes*, 866 F.3d 316, 321 (5th Cir. 2017). For a more thorough discussion regarding the practicality of the parenthetical, see Jack Metzler, *Cleaning Up Quotations*, 18 J. App. Prac. & Process 143 (2017).

MEMORANDUM DECISION AND ORDER - 7

"[a]s of January 3, 2019, [he] was no longer a member of" Plaintiff LLCs and that "[o]n information and belief, the sole member of Plaintiff [LLCs] is Plaintiff Michael Allen, an Idaho citizen." Case 46, Dkt. 29, at 53. It appears that Campbell took this position to avoid a remand of the First Action to state court. Additionally, in his Answer filed during the state court declaratory judgment lawsuit, Campbell took the same position.[5] Dkt. 17, at 5. Campbell now takes the diametrically opposed position that he *is* a member of Plaintiff LLCs. Moreover, not only has Campbell taken an inconsistent position on his LLC membership status, he has taken an inconsistent position on whether this Court has diversity jurisdiction over these parties. Thus, his positions are clearly inconsistent on two points: his LLC membership status and this Court's jurisdiction.

Nevertheless, Campbell makes two arguments. First, Campbell asserts that Allen's position is similarly inconsistent because Allen submitted a declaration in the First Action stating Campbell *was* still a member of Plaintiff LLCs. Dkt. 14, at 12–13. At first blush, this may seem correct, but Allen's positions on Campbell's membership and this Court's jurisdiction are legally reconcilable, whereas Campbell's are not. Under Idaho law, a member is dissociated when "[t]he limited liability company knows or has notice of the person's express will to withdraw as a member . . . ." Idaho Code § 30-25-602(1).

Allen's position in the First Action was that Campbell was a member of Plaintiff

---

[5] Campbell's deposition testimony, on the other hand, is less probative because, when read in context, it is not crystal clear whether Campbell was saying he was not a member of Plaintiff LLCs or that he felt he was not treated like a member. *See* Dkt 18, at 5–6. Notwithstanding this lack of clarity, his declaration and Answer are enough to satisfy this factor of the judicial estoppel doctrine.

MEMORANDUM DECISION AND ORDER - 8

LLCs at the time of removal because he had not yet declared he was not a member. Indeed, Campbell did not do so until his amended notice of removal. Now, Allen claims that Campbell is not a member due to his statements to that end during the First Action and in the state court lawsuit, thereby providing complete diversity. These positions are not legally inconsistent because subject-matter jurisdiction is determined at the time the action is filed.[6] *See Strotek Corp.*, 300 F.3d at 1131.

Second, Campbell asserts that since the March 1, 2019 Remand Order in the First Action, "nothing has changed." Dkt. 14, at 3. His point is that no judicial determination or factual circumstances have changed his membership status in Plaintiff LLCs. What has changed, however, is his position on what his membership status is and the date in which the Complaint at issue was filed, which are both legally operative facts. These facts similarly distinguish this Court's prior ruling on diversity from this ruling. In short, Campbell's arguments are unconvincing, and this first factor is met.

2. *Success*

As mentioned, the second factor involves whether "the party has succeeded in persuading a court to accept that party's earlier position." *Zedner*, 547 U.S. at 504–05. To be sure, the Ninth Circuit has explained that there are in fact two approaches as to this factor: a majority and a minority. *See Rissetto*, 94 F.3d 597 at 601. The majority view

---

[6] Campbell also points out that Allen, in his deposition on June 19, 2019, stated that as far as he knew, the members of the Plaintiff LLCs were he and Campbell. Dkt 18, at 7. This statement merely evinces Allen's surprise from Campbell's purported withdrawal. In the context of all the litigation between the parties, it makes sense why Allen said "As far as I know," because Campbell declared that he was not a member of Plaintiff LLCs without discussion between the parties—as this Court sees it, due to the exigencies of the moment.

MEMORANDUM DECISION AND ORDER - 9

comports with the Supreme Court's articulation of the factor: that the party must have been successful in convincing a court of its prior inconsistent position. *See id.* at 604–05.

The minority view, on the other hand, dictates that judicial estoppel "applies even if the [l]itigant was unsuccessful in asserting the inconsistent position, if by his change of position he is playing 'fast and loose' with the court." *Id.* at 601. For example, it very well could "constitute 'playing fast and loose with the courts' for [a] plaintiff to claim in 1990 that she was unable to perform her job in order to obtain workers' compensation benefits and to claim [later] that she was performing her job adequately in order to win damages in [a latter] suit." *Rissetto*, 94 F.3d 597 at 601 (cleaned up). The Ninth Circuit "has not yet had occasion to decide whether to follow the 'majority' view or the 'minority' view." *Id.* Regardless, either rule supports application of judicial estoppel in this case.

Under the majority view, this factor tilts slightly in favor of applying judicial estoppel. Campbell achieved success or an advantage from his prior position—that he is not a member of Plaintiff LLCs—because this Court vacated its sanction of fees and costs against him based on his declaration to that effect. *See* Case 46, Dkt. 36, at 8. His success, however, was limited because this Court still remanded the case for lack of diversity; however, Judge Winmill did so due more to the timing of Campbell's declaration than its substance. Indeed, Judge Winmill noted that "Campbell's declaration in connection with the first notice of removal failed to address his membership in the LLCs" and pointed out that "Campbell did not acknowledge his withdrawal until the second bite at the apple significantly undermin[ing] his statement of withdrawal in his second declaration." *Id.*, at 6. Thus, Campbell succeeded, at least in part, on his position that he was not a member of

MEMORANDUM DECISION AND ORDER - 10

Plaintiff LLCs.

Where the majority view might be called a light jab for judicial estoppel in this instance, the minority view would be like a cleanly connected right hook. Campbell's position on whether he is a member of Plaintiff LLCs has wavered before this Court and the state court based on the exigencies of the moment. *See New Hampshire*, 532 at 50. In his initial notice of removal, he was a member. He then was not one in his amended notice of removal—likely to avoid remand. In his state court answer, he was still not a member, but then at his deposition, he simply was not "treated like a member." Now, he is a member again—in an effort to have this case dismissed. These wavering responses fit perfectly within the definition of playing "fast and loose" with the courts to game a desired result, and they therefore meet the minority rule. *See Rissetto*, 94 F.3d 597 at 601.

In short, this factor ranges from being slightly in favor of the application of judicial estoppel to strongly in favor.

3. *Unfair Advantage/Detriment*

The third factor is whether "the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Zedner*, 547 U.S. at 505 (cleaned up). If Campbell is permitted to take the inconsistent position that he is now a member of Plaintiff LLCs, inequity would result.

First, it would be to Allen's financial detriment. Allen would lose the costs and fees of pursuing this action. He would also need to expend even more resources to initiate and prosecute another state court action, which could very well end up before this Court again should Campbell say he is not a member of Plaintiff LLCs once more and file a notice of

MEMORANDUM DECISION AND ORDER - 11

removal. Importantly, the Court finds credible Allen's claim that he relied on Campbell's statements regarding his lack of membership in filing his Complaint in this Court. *See* Dkt. 17, at 14. Second, it would work an unfair detriment of protracted litigation on an allegedly time-sensitive matter for similar reasons. Allen's permanent injunction (Dkt. 5) remains pending before the Court.

Lastly, it would allow Campbell to unfairly derive the advantages of recovering his costs and fees in the First Action and securing a dismissal in this action based on his inconsistent positions. This type of unfair procedural gamesmanship is precisely the situation judicial estoppel is designed to prevent. *See Reed v. Elsevier, Inc. v. Muchinck*, 559 U.S. 154, 170 (2010). Consequently, this factor also supports application of judicial estoppel in this matter.

### B. *Rooker–Feldman* Doctrine

In the alternative, Campbell attempts to invoke the *Rooker–Feldman* doctrine. Dkt 14, at 13. "[U]nder . . . the *Rooker–Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). Federal jurisdiction is improper if the plaintiff "complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Noel v. Hall*, 341 F.3d 1148, 1162 (9th Cir. 2003). Put differently, lower federal courts must not become a court of appeals for state decisions, unless one of the various exceptions applies. *Lance*, 546 U.S. at 464 (cleaned up) (explaining that cases since "*Feldman* tend[] to emphasize the narrowness of the *Rooker–Feldman* rule"). Conversely, "*Rooker–Feldman* does not bar jurisdiction" when "the federal plaintiff does not complain

MEMORANDUM DECISION AND ORDER - 12

of a legal injury caused by a state court judgment, but rather of a legal injury caused by an adverse party." *Noel*, 341 F.3d at 1162. In determining "whether an action functions as a de facto appeal, [courts] pay close attention to the relief sought by the federal-court plaintiff." *Cooper v. Ramos*, 704 F.3d 772, 777–78 (9th Cir. 2012).

Allen's Complaint falls under this latter category, and the doctrine is inapplicable here. Contrary to Campbell's assertions, Allen is not bringing an appeal-like action to review what the Idaho state court did. Rather, he is bringing a breach of contract action that was a logical next step in litigation after the state court judgment was confined to whether a contract existed between the parties. Indeed, the state court explicitly foresaw this subsequent lawsuit and stated, "To the extent Allen now seeks to pursue a breach of contract/specific performance action based upon post-judgment developments, such is not part of this action and should be pursued in a new separate action." Dkt. 17, at 6–7.

At the hearing on this matter, the parties disputed whether Allen's pending appeal at the Idaho Supreme Court supplied a basis for the doctrine's application. Campbell claims that the appeal deprives this Court of subject-matter jurisdiction because it involves issues before this Court. Dkt. 27. Allen asserts that the issue on appeal is confined to recovering attorney fees related to the declaratory judgment action, and therefore has nothing to do with this case. Dkt. 28, at 4. The notice of appeal, on which both parties rely, confirms that Allen is correct. All five listed grounds of appeal relate to attorney fees in that action, as evidenced by the clear language of the first three grounds and the limiting language of the second two grounds. The latter clarifies that Allen is appealing the state trial court's orders denying further relief to him "[a]s it may affect [his] rights regarding attorney fees and

MEMORANDUM DECISION AND ORDER - 13

costs . . . ." Dkt. 26, Exhibit 1. Thus, that appeal does not delve into the issues presently before the Court.

And, even if this Court were entertaining the same dispute as the Idaho Supreme Court, which it is not, this Court would still not lack subject-matter jurisdiction under the *Rooker–Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005) ("This Court has repeatedly held that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." (cleaned up)); *Noel*, 341 F.3d at 1163 ("If the federal plaintiff and the adverse party are simultaneously litigating the same or a similar dispute in state court, the federal suit may proceed under the long-standing rule permitting parallel state and federal litigation." (citing *Atlantic Coast Line R.R Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 295 (1970)).

Simply put, Allen is not pursuing a de facto appeal because his Complaint alleges an injury caused by Campbell, not the state court. Moreover, the allegations in his Complaint were not decided by the state court. Campbell unwittingly acknowledges this by stating, "The Idaho state court only declared the agreement between . . . Allen and . . . Campbell and never ruled that the contract was capable of performance by the parties." Dkt. 14, at 15. Accordingly, the *Rooker–Feldman* doctrine is inapplicable, and this Court

retains subject-matter jurisdiction over this action.[7]

## V. CONCLUSION

The Court concludes it has subject-matter jurisdiction over this action. As a matter of its equitable discretion, the Court also determines that Campbell is equitably barred from asserting that he is now a member of Plaintiff LLCs. Having concluded such and considered the parties' arguments, the Court determines that Allen has carried his burden in demonstrating that there is complete diversity in this case. Additionally, the *Rooker–Feldman* doctrine is inapplicable here. Due to these conclusions, Campbell's request for sanctions (Dkt. 14, at 4) is unfounded, and is therefore denied.

## VI. ORDER

The Court HEREBY ORDERS:

1. Campbell's Motion to Dismiss (Dkt. 14) is **DENIED**.

DATED: September 21, 2020

David C. Nye
Chief U.S. District Court Judge

---

[7] Campbell also sprinkles in sparse arguments related to due process. *See* Dkt. 14, at 10–11. The Court remains unconvinced based upon the scant analysis that Campbell includes in his Motion. However, the Court offers no comment on the merits of such an argument, and Campbell may include further argument at a later time, if he so chooses.

MEMORANDUM DECISION AND ORDER - 15