UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL ALLEN, an individual; CAMP BENCH HOLDINGS, LLC, an Idaho limited liability company; CAMP BENCH RIVER HOLDING, LLC, an Idaho limited liability company; CAMPBELL FARMS, INC., an Idaho corporation<br><br>        Plaintiffs,<br>v.<br><br>NEIL CAMPBELL,<br><br>        Defendant. | Case No. 4:20-cv-00218-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiffs' Motion for Order to Show Cause. Dkt. 113. For the reasons set forth below, the Court GRANTS the Motion.

## II. BACKGROUND

Plaintiffs request the Court order Veronica Turner to show cause on contempt allegations. Turner is Defendant Neil Campbell's former attorney. Campbell was originally represented by Turner, who was lead, out-of-state counsel admitted pro hac vice, and by Gary Lee Cooper and J.D. Oborn, who were both local counsel. None of these attorneys represent Campbell today.

On February 25, 2021, the Court ordered, "Campbell shall assign his interests in the Entities to Allen through an escrow arrangement to be coordinated by Allen. Campbell shall do so no later than seven (7) calendar days from the date of this Order." Dkt. 59.

MEMORANDUM DECISION AND ORDER - 1

Thereafter, Plaintiffs filed their first motion for an order to show cause on contempt because Campbell was violating the Court's February 25, 2021 Order. Dkt. 64. Only a few days later, Plaintiffs withdrew this motion because Campbell "signed the escrow agreement and deposited executed copies of his assignments with the escrow agent" after Plaintiffs had filed the first contempt motion. Dkt. 66.

This compliance was short lived. On March 29, 2021, Plaintiffs filed a second motion for an order to show cause on contempt because Campbell repudiated the validity of the escrow agreement and the assignments. Dkts. 73; 74. The repudiation came in the form of a letter written by Turner and addressed to the escrow agent. Dkt. 73, at 7–8.

The Court promptly issued an order to show cause stating that:

> Defendant shall show cause as to why the Court should not hold Defendant in contempt for violating the Court's clear Orders. Defendant shall also explain why sanctions are not appropriate against Defendant and Defendant's lead, out-of-state attorney for violating the Court's order and causing Plaintiffs to have to seek relief from the Court.

Dkt. 76. After receiving Campbell's response, the Court issued an Order holding Campbell in contempt. Dkt. 81. The Court then scheduled a hearing on the matter of appropriate sanctions against Campbell.

Prior to the hearing, Turner withdrew as counsel. Dkt. 90. No longer counsel of record, Turner testified as a witness at the sanctions hearing. Dkt. 97. Turner's and Campbell's testimony revealed that Campbell himself "was unaware of the contents of the contemptuous letter" and that it was Turner "who drafted and sent the letter." Dkt. 98, at 8. The Court took the matter of sanctions under advisement.

When the Court issued its written decision, it sanctioned only Campbell. Dkt. 98.

MEMORANDUM DECISION AND ORDER - 2

The Court explained, "As mentioned in the hearing, whether Plaintiffs pursue contempt proceedings against Campbell's attorneys remains up to Plaintiffs." *Id.* at 8.

Plaintiffs are now doing that. They request the Court order Turner to show cause as to why she should not be held in contempt. Plaintiffs suggest that the evidentiary hearing could be held at the same time as the forthcoming trial in this case.

Campbell responded to this motion through his attorney Gary Cooper.[1] Dkt. 118. Campbell's response stated that the motion did not pertain to Campbell because (1) Turner was no longer his attorney; (2) his counsel did not represent Turner; and (3) Turner was not a named party in this case. In sum, Campbell did not substantively respond to Plaintiff's Motion. Turner also did not respond to the Motion—seemingly because she is neither counsel nor party. Plaintiffs did not file a reply brief, and the time to do so has expired. The matter is now ripe for review.

## III. DISCUSSION

Plaintiffs contend that the Court has power under Federal Rule of Civil Procedure 70(e) to hold Turner in contempt. Additionally, Plaintiffs point to 18 U.S.C. § 401(3) and the inherent power of the federal courts to enforce their orders.

Rule 70 regards the enforcement of a judgment for a specific act, and Rule 70(e) specifically states, "The court may also hold the disobedient party in contempt." Fed. R. Civ. P. 70(e). The Ninth Circuit has held that Rule 70 does not apply to the attorneys in a case but only to the parties. *Westlake N. Prop. Owners Ass'n v. City of Thousand Oaks,*

---

[1] Cooper and Oborn later withdrew as counsel. Dkt. 121

915 F.2d 1301, 1304 (9th Cir. 1990); *see also Fid. Nat. Fin. Inc. v. Hyman*, 396 Fed. App'x 472 (9th Cir. 2010). Thus, on its own, Rule 70 does not authorize the Court to hold Turner in contempt.

Rule 71 states that an order "may be enforced against a nonparty" and that "the procedure for enforcing the order is the same as for a party." Fed. R. Civ. P. 71. Rule 71 works in tandem with Rule 70 to "provide for the enforcement of judgments against non-parties in limited circumstances." *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1321 (9th Cir. 1998). "To be held liable in contempt, it is necessary that a non-party respondent must either abet the defendant in violating the court's order or be legally identified with him, and that the non-party have notice of the order." *Id.* (cleaned up). However, Rule 71 like Rule 70, does not apply against a party's attorney. *Hyman*, 396 Fed. App'x at 472 ("[O]ur law on third-party contempt does not give an independent basis for imposing contempt sanctions on an attorney for aiding and abetting a client's contempt . . . ."). Therefore, neither Rule 70 nor its companion Rule 71 authorizes the Court to hold Turner in contempt.

The Court also cannot rely on 18 U.S.C. § 401(3) because this statute regards criminal contempt, and Plaintiffs urge the Court to hold Turner in civil, not criminal, contempt.

Finally, the Court looks to its inherent power for authority to impose contempt sanctions on Turner. "[A] district court has inherent authority to sanction miscreant attorneys . . . ." *Zambrano v. City of Tustin*, 885 F.2d 1473, 1478 (9th Cir. 1989). "The most common utilization of inherent powers is a contempt sanction levied to protect the

MEMORANDUM DECISION AND ORDER - 4

due and orderly administration of justice and maintain the authority and dignity of the court." *Primus Automotive Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997). The Ninth Circuit requires that the district court make a specific finding of bad faith or willful disobedience before imposing sanctions under its inherent power. *Zambrano*, 885 F.2d at 1478, 1481.

It appears from the record that Turner was responsible for the letter already deemed contemptuous. As such, the Court orders Turner to show cause why the Court should not, under its inherent power, hold her in contempt and why contempt sanctions are not appropriate against her.[2] Plaintiffs shall serve Turner with a copy of this Order and the Motion (Dkt. 113) within 90 days of this order and then notify the Court—via the filing of a notice—that service was complete.[3] Turner shall file a response brief not to exceed 20 pages on these issues within 21 days after being served. Thereafter, Plaintiffs may file a reply brief not to exceed 10 pages within 14 days after Turner files her response brief. If warranted, the Court will then set a contempt hearing. That hearing will not be set for the same time as the damages trial.

## IV. ORDER

The Court HEREBY ORDERS:

1. Plaintiff's Motion for Order to Show Cause (Dkt. 113) is GRANTED.

---

[2] To be clear, Campbell need not file anything. The present issue is Turner's conduct—not Campbell's.

[3] The Court is aware that Turner may still be receiving notices in this case through the ECF system. Be that as it may, because Turner is no longer counsel of record, the Court instructs Plaintiffs to formally serve Turner in compliance with Federal Rule of Civil Procedure 5 to ensure that Turner has proper notice of the Order to Show Cause.

2. Plaintiffs shall serve a copy of this order and the Motion for Order to Show Cause (Dkt. 113) on Veronica Turner within ninety (90) days of this Order and file proof of service with the Court.

3. Veronica Turner must show cause as to why the Court should not hold her in contempt and impose contempt sanctions against her.

4. Turner shall file a response brief not to exceed 20 pages on these issues no later within 21 days after being served.

5. Plaintiffs may file a reply brief not to exceed 10 pages within 14 days after Turner files her response brief.

DATED: May 5, 2022

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 6