UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL ALLEN, an individual; CAMP BENCH HOLDINGS, LLC, an Idaho limited liability company; CAMP BENCH RIVER HOLDING, LLC, an Idaho limited liability company; CAMPBELL FARMS, INC., an Idaho corporation<br><br>      Plaintiffs,<br>v.<br><br>NEIL CAMPBELL,<br><br>      Defendant. | Case No. 4:20-cv-00218-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiffs' Motion for Reconsideration (the "Motion"). Dkt. 127. Having reviewed the record and briefs, the Court finds that the parties have adequately presented the facts and legal arguments. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without a hearing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Court DENIES the Motion.

## II. BACKGROUND

The Court will not repeat all the facts of this case because the parties and the Court are well acquainted with them. *See* Dkts. 39 at 2–4; 59 at 2–6. As relevant here, on February 25, 2021, the Court issued a permanent injunction in favor of Plaintiffs. Dkt. 59.

Subsequently, Plaintiffs filed a Motion for Attorney Fees. Dkt. 67. While Plaintiffs "recognize[d] that their claims for damages remain pending," they filed this motion based on the timing requirements of Federal Rules of Civil Procedure 54(a) and 54(d)(2)(B)(i). Dkt. 67, at 1 n.1. Plaintiffs also filed a Bill of Costs. Dkt. 70.

The Defendant then appealed the permanent injunction order. Dkt. 71. The Ninth Circuit dismissed the appeal for failure to prosecute because the Defendant failed to file an opening brief. Dkt. 102.

Right after the Ninth Circuit dismissed the appeal of the preliminary injunction order, Campbell appealed "all of the district court orders, including but not limited to . . . (Dkt. 29), . . . (Dkt. 39), . . . (Dkt. 81) and . . . (Dkt. 98)." Dkt. 103. The Ninth Circuit dismissed this appeal on November 10, 2021, for lack of jurisdiction because the relevant district court orders were not final decisions. Dkt. 110.

Because of the Ninth Circuit's decision regarding Campbell's appeal of "all of the district court orders," this Court denied the Motion for Attorney Fees as premature. Dkt. 111. This Court reasoned that the permanent injunction order was part of the appeal the Ninth Circuit dismissed for lack of jurisdiction and was therefore not a final decision. This Court mistakenly overlooked that "all of the district court orders," which Campbell referred to in his Notice of Appeal (Dkt. 103), did not include the permanent injunction order because that order had already been appealed and the Ninth Circuit had already ruled on it.

Pointing to this mistake, the Plaintiffs filed the instant Motion asking the Court to reconsider its decision to deny the Motion for Attorney Fees.

### III. LEGAL STANDARD

Courts have inherent power to modify their interlocutory orders before entering a final judgment. *Marconi Wireless Tel. Co. v. United States*, 320 U.S. 1, 47–48 (1943); *see also* Fed. R. Civ. P. 54(b). "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001).

While courts have the inherent authority to review interlocutory orders at any time prior to entry of final judgment, to determine the merits of a request to reconsider an interlocutory order, both this Court and other district courts throughout the Ninth Circuit are frequently guided by substantially the same standards as those used to reconsider final orders pursuant to Rule 59(e). *See Dickinson Frozen Foods, Inc. v. FPS Food Process Sols. Corp.*, 2020 WL 2841517, at *10 (D. Idaho June 1, 2020). Under Rule 59, reconsideration may be warranted: (1) because of newly discovered evidence; (2) because the Court committed clear error or the order was manifestly unjust; or (3) due to an intervening change in the law. *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Regardless of the standard or rule under which they are brought, "motions for reconsideration are generally disfavored . . . and may not be used to present new arguments or evidence that could have been raised earlier." *Am. Rivers v. NOAA Fisheries*, 2006 WL 1983178, at *2 (D. Or. July 14, 2006) (citing *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)).

## IV. DISCUSSION

The Court recognizes it erred in believing that the Ninth Circuit dismissed the appeal of the permanent injunction order for lack of jurisdiction. The Ninth Circuit had already ruled on the pertinent appeal and had dismissed it for failure to prosecute. Dkt. 102 (citing Ninth Circuit Rule 42-1). Dismissal for failure to prosecute is a dismissal on the merits for purposes of res judicata, which means that the Defendant can no longer appeal the permanent injunction order. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001).

That said, the Motion for Attorney Fees is still premature under the governing law.

"An award of attorneys' fees incurred in a suit based on state substantive law is generally governed by state law." *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1024 (9th Cir. 2003). Plaintiffs base their request for attorney fees on Idaho Code § 12-120(3), which provides:

> In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, *the prevailing party* shall be allowed a reasonable attorney's fee to set by the court, to be taxed and collected as costs.

Idaho Code § 12-120(3) (emphasis added).

"In order to determine who is the 'prevailing party' under § 12-120(3), the trial court must consider: (1) the result obtained in relation to the relief sought; (2) whether there were multiple claims or issues; and (3) the extent to which either party prevailed on each issue or claim." *Champion Produce, Inc.*, 342 F.3d at 1025 (citing *Jerry Joseph C.L.U. Ins.*

*Assocs., Inc. v. Vaught*, 789 P.2d 1146, 1148 (Idaho 1990)); *see also* Idaho R. Civ. P. 54(d), (e). "[T]he prevailing party question is examined and determined from an overall view, not a claim-by-claim analysis." *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.*, 117 P.3d 130, 133 (Idaho 2005).

Applying this rule, the Idaho Supreme Court upheld a trial court's decision to deny attorney fees to a party that prevailed on the issue of whether the contract was breached but failed to establish damages. *Trilogy Network Sys., Inc. v. Johnson*, 172 P.3d 1119, 1122 (Idaho 2007). The trial court determined there was no prevailing party for purposes of attorney fees. *Id.*

The instant case is similar. Here, the Court has already determined that the Defendant breached the contract, so the Court issued a permanent injunction in favor of the Plaintiffs. Dkt. 59. But the Plaintiffs are also seeking damages, and that issue is still unresolved. *See* Dkt. 133. Because the Court must determine the prevailing party from an overall view, the Court finds it is still too early to determine whether to award Plaintiffs attorney fees. *See Affiliates, Inc. v. Armstrong*, 2010 WL 11646730, at *5 (D. Idaho Jan. 22, 2010) (holding that final judgment was premature where permanent injunction was issued but claims remained). As such, the Court finds that, notwithstanding the mistake about the appeal history, the Motion for Attorney Fees is still premature.[1]

---

[1] Plaintiffs also note their concern that "Campbell's past conduct raises serious questions about whether he is actively divesting himself of assets while this case proceeds." Dkt. 127-1, at 5. The Court understands Plaintiffs' concerns. However, the Court has already set this matter on an expedited track, certain property is already in escrow, and Plaintiffs (and the Court) have methods for ensuring payment should a monetary award be issued in this case.

MEMORANDUM DECISION AND ORDER - 5

## V. CONCLUSION

Because the Motion for Attorney Fess is still premature, the Court DENIES the Motion for Reconsideration (Dkt. 127). The Plaintiffs may renew the Motion for Attorney Fees following the disposition of the remaining claims.

## VI. ORDER

The Court HEREBY ORDERS:

1. Plaintiffs' Motion for Reconsideration (Dkt. 127) is DENIED.

DATED: August 16, 2022

David C. Nye
Chief U.S. District Court Judge