UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL ALLEN, an individual; CAMP BENCH HOLDINGS, LLC, an Idaho limited liability company; CAMP RIVER HOLIDNGS, LLC, an Idaho limited liability company; CAMPBELL FARMS, INC., an Idaho corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>NEIL CAMPBELL, an individual<br><br>    Defendants. | Case No. 4:20-cv-00218-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiff Michael Allen's Motion for a Judgment Debtor Examination. Dkt. 167. Defendant Neil Campbell did not respond, and the time to do so has passed. Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES the Motion.

## II. BACKGROUND

This is a collection action in which Plaintiffs Michael Allen, Camp Bench Holdings, LLC, Camp River Holding, LLC, and Campbell Farms, Inc. (collectively, "Plaintiffs") are attempting to collect a judgment they obtained in this Court. Plaintiffs obtained that judgment on April 4, 2023, in the amount of $2,300,000. Dkt. 161. On June 23, 2023, Plaintiff Michael Allen filed the instant Motion for a Judgment Debtor Examination, asking the Court to issue an order requiring Campbell to appear before a judge or Court-appointed referee and answer questions about his property. Dkt. 167, at 1. On December 11, 2023, via informal communications with the Court, Allen's counsel provided a revised proposed order requesting that the Court order the judgment debtor examination to take place in Las Vegas, Nevada, where Campbell currently resides.

## IV. ANALYSIS

Pursuant to the Writ of Execution entered by the Court on May 12, 2023, the Judgment is a lien on Campbell's non-exempt property and assets in Idaho, to the same extent as under State law. *See* 28 U.S.C. § 1962. Under Idaho Code § 11-501, a judgment creditor is entitled to a hearing where the judgment debtor must appear and answer questions about his property and assets if a debt is not satisfied by the execution of the Writ. However, the same statute also states that "no judgment debtor must be required to attend before a judge or referee out of the county in which he resides" for a judgment debtor examination. *Id.*

Here, the Judgment and Writ of Execution were entered by, and Allen's Motion was filed before, this Court in the District of Idaho during a time when Campbell resided within the Court's jurisdiction. However, Campbell has since changed his residence to Nevada.

MEMORANDUM DECISION AND ORDER - 2

Because of this change, Allen now petitions the Court to order a judgment debtor examination in Nevada and appoint a referee from the District of Idaho to oversee the examination. In other words, Allen is asking the Court to enforce its judgment in an out-of-state forum.

In *United States ex rel. Big-D Corp. v. Rafter H Constr., Ltd. Liab. Co.*, No. 1:18-mc-10002-BLW, LEXIS 110805 (D. Idaho July 2, 2018), a judgment creditor obtained a judgment in Wyoming Federal District Court and sought enforcement in Idaho Federal District Court. In order to do so, the judgment creditor first registered the judgment in Idaho, obtained a Writ of Execution in Idaho Federal District Court, and filed a motion for judgment debtor examination before that court. *Id.* at *1–2. The court subsequently ordered the requested judgment debtor exam. *Id.* at *3.

Like the judgment creditor in *Big-D Corp.*, Allen seeks to enforce a judgment obtained out-of-state in another jurisdiction. But unlike in that case, Allen petitions this Court, where the judgment was obtained, to order the judgment debtor exam, rather than the court where he is seeking enforcement (the District of Nevada). And under Idaho law, this Court is expressly barred from requiring Campbell to appear for a judgment debtor exam outside the county in which he resides. Idaho Code § 11-501. Thus, if Allen wishes to obtain an order for a judgment-debtor exam in Nevada, he must register the Judgment in the District of Nevada and re-file his Motion there.[1] Accordingly, the Court DENIES Allen's Motion.

---

[1] *See, e.g., In re Miller*, 853 F.3d 508, 515 (9th Cir. 2017) ("A party may register and enforce a federal judgment in another district, and '[a] judgment so registered shall have the same effect as a judgment of the

## VI. ORDER

The Court HEREBY ORDERS:

1. Allen's Motion for Judgment Debtor Examination (Dkt. 167) is DENIED.

DATED: March 18, 2024

_____
David C. Nye
Chief U.S. District Court Judge

---

district court of the district where registered and may be enforced in like manner.'") (quoting 28 U.S.C. § 1963).